# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERALD L. JOHNSON, | CV F 07-00714 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JEFF WRIGLEY, | [Doc. 1] |
| Respondent. / | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

BACKGROUND

Petitioner suffered several criminal convictions prior to the event leading to his instant federal prosecution. Specifically, in 1989, he was convicted in Las Vegas of selling a controlled substance and sentenced to ten years in the Nevada State Prison. Presentence Report ("P.S.R.") ¶ 33.[1] Petitioner suffered two additional convictions in 1989, the first for possessing cocaine and the second for trafficking in a controlled substance. P.S.R. ¶¶ 34, 35. He received a three year sentence for the first conviction and a ten year sentence for the second, both of them were ordered concurrent to the earlier sentence. Id. Petitioner was released from custody on all these

---

[1] Respondent did not submit a copy of the presentence report for privacy reasons. Respondent states that a copy will be submitted at the Court's request; however, because Petitioner does not dispute Respondent's assertions regarding the contents of the information utilized from the report, the Court will not require Respondent to submit a copy.

1

charges in March, 1996. Id.

On April 19, 1997, Petitioner was convicted for possessing marijuana with the intent to sell it. P.S.R. ¶ 36. He was sentenced to 24 to 60 months incarceration, but the sentence was suspended and he was placed on probation for a period not to exceed five years. Id.

On July 31, 2000, while Petitioner was still on probation, his home was searched. P.S.R. ¶ 11, 12. There, the probation officers found a 9-mm handgun with a fully-loaded, attached 30-round magazine. Id. at ¶ 12. Officers also found a small amount of rock cocaine. Id. at ¶ 13. Petitioner was then booked into the Clark County Detention Center on charges of possessing the gun and drugs. Id. at ¶ 13.[2]

On August 2, 2000, Petitioner admitted to agents from the Bureau of Alcohol, Tobacco and Firearms ("ATF") that the gun was his. P.S.R. ¶ 14. This prompted federal charges to be filed on November 7, 2000. P.S.R. ¶ 2. Petitioner was sentenced on August 23, 2002, to 235 months incarceration based on the fact that he was an armed career criminal. Attachment 1, ¶ 5, to Answer. During the time that Petitioner appeared in federal court, he was in state custody. Id.; P.S.R. ¶¶ 3-5, 8. He was brought to federal court pursuant to a writ of habeas corpus ad prosequendum. Id.

The Ninth Circuit Court of Appeals affirmed Petitioner's conviction on May 27, 2004, but remanded his case for resentencing without the armed career criminal enhancement. United States v. Johnson, 99 Fed. Appx. 129 (9th Cir. 2004). After resentencing, Petitioner's sentence was reduced to 120 months, concurrent to the state sentence he was then serving. Attachment 1, ¶ 5, to Answer.

Petitioner filed the instant petition for writ of habeas corpus on May 15, 2007. (Court Doc. 1.) Respondent filed a response to the petition on July 20, 2007, and Petitioner filed a reply on August 10, 2007. (Court Docs. 8, 9.)

DISCUSSION

I.      Standard of Review

---

[2] On June 12, 2001, Petitioner was arrested by Nevada State authorities and he was transferred to Nevada State Prison on June 19, 2001, for a term of state imprisonment of 24 to 60 months. Attachments 1 & 2, to Answer.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See e.g. Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. At the time the instant petition was filed, Petitioner was in the custody of the Taft Correctional Institute, in California, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

II.     Exhaustion Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either

1  "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his
2  administrative remedies before proceeding in court."
3      The government concedes that Petitioner has exhausted the administrative remedies.
4  Answer, at 3.
5  III.    Custody Time Credit
6      Petitioner contends that he should receive credit for all of the time he spent in state
7  custody while the federal prosecution was pending, including the time before he was sentenced.
8  The Nevada district court first sentenced Petitioner on August 23, 2002, and ordered that his
9  sentence should be concurrent to Petitioner's then existing state sentence. As Respondent
10 submits, it appears that Petitioner contends his federal sentence began to run when his state
11 sentence began.
12     Contrary to Petitioner's apparent belief, a sentence cannot begin to run until it is
13 pronounced. Where a federal sentence is ordered to be served concurrent with a pre-existing
14 state sentence, it begins to run at the earliest possible moment, the day on which the federal court
15 imposes it. This is illustrated by the statute which controls the commenced of federal sentences:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

19 18 U.S.C. § 3585(a). Accordingly, as the text of this section demonstrates, Petitioner's federal
20 sentence began to run when he was "in custody awaiting transportation to . . . the detention
21 facility at which the sentence is to be served." The "sentence" referenced in this section is
22 Petitioner's *federal* sentence. Prior to the imposition of his federal sentence, Petitioner was in
23 custody, but he was not awaiting transportation to any facility where his federal sentence could
24 be served, because that sentence simply did not yet exist. Prior to his federal sentence, Petitioner
25 was only in the custody of State of Nevada serving a Nevada sentence. After the federal sentence
26 was imposed, he was in the custody of the State of Nevada, but would be serving two sentences,
27 the pre-existing state sentence and the newly imposed federal sentence.
28     Any ambiguity as to when a federal sentence begins to be served in this situation, is

clearly resolved by the BOP's statement "in no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." BOP Program Statement 5880.28; Exhibit 5 to Attachment 1.[3] This Court defers to the BOP"s interpretation as it has been entrusted with the administration of the statutes governing sentencing and incarceration. Chevron v. U.S.A., Inc. v. National Resources Defense Council, Inc., 467 U.S. 837, 844 (1984).

Petitioner is in essence arguing that he should be given credit against his federal sentence for his presentence state custody, which is a different determination than when his federal sentence commenced. A federal sentence does not begin to run when a federal defendant is produced from state custody for federal prosecution pursuant to a federal writ of habeas corpus ad prosequendum. Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991). As Respondent submits, although Petitioner was in the physical custody of the United States Marshal during the time the federal writ was pending, he was still in the primary custody of the State of Nevada, which had not relinquished its jurisdiction by temporarily surrendering physical custody to the federal government. Id.; United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980) (discussing priority of custody and service as between state and federal sovereigns). It is well settled law that a federal sentence does not begin to run in this situation, i.e., when a federal defendant is produced from state custody for federal prosecution pursuant to a federal writ of habeas corpus ad prosequendum.

Petitioner is not entitled to double credit against his federal sentence, pursuant to 18 U.S.C. § 3585(b). Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence is imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

---

[3] The text of Program Statement 5880.28 is available at http://www.bop.gov.

1    In <u>United States v. Wilson</u>, 503 U.S. 329 (1992), the Supreme Court noted that, under
2 section 3585(b), "Congress made clear that a defendant could not receive double credit for his
3 detention time." <u>Id</u>. at 337. Thus, pursuant to section 3585(b), Petitioner is not entitled to
4 custody credit if it was applied toward another sentence. <u>United States v. Von Willie</u>, 59 F.3d
5 922, 930-931 (9th Cir. 1995); <u>United States v. Kramer</u>, 12 F.3d 130, 132 (8th Cir. 1993).

6    In this case, as previously stated, Petitioner was serving the sentence of the State of
7 Nevada during the entire time that the federal prosecution was pending. That time in custody
8 was being credited toward his state sentence, and it therefore could not also be credited toward
9 his federal sentence, as such would afford Petitioner double credit. Although subsequent to his
10 sentence in federal court, Petitioner could receive credit for future time in state custody since the
11 federal court ordered his federal sentence to run concurrent with the state sentence, prior to the
12 federal sentence, no such order existed.

13    Petitioner argues that he is entitled to the presentence state prison time credited towards
14 his federal sentence pursuant to sentencing guideline section 5G1.3(b) and the Third Circuit's
15 decision in <u>Ruggiano v. Reish</u>, 307 F.3d 121 (3d Cir. 2002). There, during the sentencing
16 hearing, the district court stated that it would recommend that Ruggiano's federal sentence be
17 concurrent to a pre-existing state sentence and "that he receive credit for the amount of time that
18 he served there." <u>Id</u>. at 123. The written judgment stated that the federal sentence would be
19 concurrent, "[d]efendant to receive credit for time served." The Court of Appeals interpreted this
20 statement to mean that the district court meant for Ruggiano to get credit for the time he served
21 in state custody prior to the imposition of his federal sentence. <u>Id</u>. at 124. Although the Court
22 acknowledged that the district court lacked authority to award Ruggiano credit for the time he
23 had spent in state custody, it held that U.S.S.G. §§ 5G1.3(b) and (c) allowed the district court to
24 shorten the length of a defendant's sentence in allowance for any time previously served thereby
25 achieving the same result. <u>Id</u>. at 126, 129. The Court of Appeal held that was precisely the
26 intent of the district court when it sentenced Ruggiano.

27    Even if the Third Circuit's opinion in <u>Ruggiano</u> were binding on this Court, as
28 Respondent submits, the instant case is distinguishable from <u>Ruggiano</u>. First, unlike in

6

1  Ruggiano, the district court gave no indication that it intended to give Petitioner credit for pretrial
2  custody. (Exhibit 2, attached to Declaration of Eric D. Davis.) Accordingly, distinguishable
3  from Ruggiano, there is no basis to find the district court intended to grant Petitioner a §
4  5G1.3(b) "adjustment" or a § 5G1.3(c) "departure" based on the time he had already served on
5  his state sentence. Therefore, Petitioner's sentence cannot now be modified to grant such an
6  adjustment or departure.
7        In addition, as pointed out by Respondent, Ruggiano has subsequently been abrogated by
8  the 2003 amendments to the guidelines. The commentary to the amended guideline states that
9  "[u]nlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the
10 instant offense for a period of imprisonment already served on the undischarged term of
11 imprisonment. U.S.S.G. § 5G1.3, a.n. 3(E)." Thus, the Sentencing Commission has rejected the
12 rationale of the holding in Ruggiano.[4]
13       Although the new guideline allows the district court to achieve the same result by
14 granting a downward departure, here, there is no indication that the district court did so. In fact,
15 after Petitioner's case was remanded for resentencing by the Ninth Circuit, the bottom of his
16 recalculated guideline range was 120-150 months. Attachment 3, at 2:1-5. Because Petitioner
17 was sentenced at the bottom of that range, the district court could not have given him a
18 downward departure.
19       As further support that the district court, in this case, did not intend to use § 5G1.3(c) to
20 grant Petitioner credit for the previous time he served in state custody is found in the commentary
21 notes of that section:

> To avoid confusion with the Bureau of Prisons' exclusive authority provided
> under 18 U.S.C. § 3585(b) to grant credit for time served under certain
> circumstances, the Commission recommends that any downward departure under
> this application note be clearly stated on the Judgment in a Criminal Case Order
> as a downward departure pursuant to § 5G1.3(c), rather than as a credit for time
> served.

---

[4] In fact, the Third Circuit Court of Appeals has acknowledged that the change to the guidelines has abrogated Ruggiano. See United States v. Destio, 153 Fed. Appx. 888, 893-894 (3d Cir. 2005) (unpublished opinion).

7

1  U.S.S.G. § 5G1.3, a.n. 3(E).  The judgment here is devoid of any such language.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:     October 17, 2007**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE